IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER LENARD PUGH,          )
                                  )
        Plaintiff,                )
                                  )
v.                                )          CIVIL ACTION NO. 09-00016-KD-N
                                  )
RICHARD DIX, et al.,              )
                                  )
        Defendants.               )

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed

a complaint under 42 U.S.C. § 1983.  (Docs. 10, 14). This action has been referred to the

undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.2(c)(4).  In addition to plaintiff's complaint (Doc. 10), this action is before the

undersigned on plaintiff's motion to amend to add new defendants and claims (Doc. 30)

and on plaintiff's most recent motion to amend (doc. 52) whereby he seeks to correct his

complaint by adding a claim of unreasonable search of plaintiff's property and car against

both Sergeant Janna (previously spelled "Jana") Dukes and Officer Dix.

The undersigned also considers the Objections filed by the plaintiff (doc. 43) to the

undersigned's previous Report and Recommendation (doc. 39).  The undersigned had

recommended on October 15, 2009, that plaintiff's motion to amend (Doc. 30) be denied

and that this action be dismissed, without prejudice, pursuant to 28 U.S.C. §

1

1915(e)(2)(B)(ii)[1], and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted by virtue of the principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994)[2]. Plaintiff thereafter filed Objections to that Report and Recommendation, which shed additional light on his claims; the undersigned withdrew the prior Report and Recommendation by order of November 13, 2009 (doc. 44).

Upon further consideration of the complaint, motion to amend, and plaintiff's subsequent submissions on these issues, it is hereby RECOMMENDED that process be allowed to issue; that all of plaintiff's claims except those related to the alleged use of excessive force be dismissed as frivolous pursuant to 28 U.S.C. §1915 for the reasons set forth below; and that plaintiff's Motion to Amend be denied.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis* against a government officer, the Court has reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.[3] "Section 1915A requires the court to review a complaint filed by a prisoner-

___

[1] In forma pauperis proceedings are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal-(I) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(e)(2).

[2] In Heck, the Supreme Court articulated the principle that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S.Ct. at 2372.

[3] The predecessor to these sections is 28 U.S.C. § 1915(d). Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. §§ 1915(e)(2)(B)and

plaintiff against a government officer and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Baxter v. Washington, 2006 WL 2591483, *1 (11th Cir. Sept. 11, 2006), *cert. denied* 547 U.S. 1144 (2007). "A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief." Id. (*citing* Brower v. County of Inyo, 489 U.S. 593, 598 (1989)). "Section 1915 requires the court to dismiss a complaint on the same grounds when a prisoner-plaintiff proceeds in forma pauperis." Id.

## II. SUMMARY OF THE FACTUAL ALLEGATIONS AND CLAIMS

In this action, Plaintiff seeks redress under 42 U.S.C. § 1983[4] for alleged constitutional deprivations. Plaintiff contends that the unconstitutional conduct of the defendants led to the issuance of indictments against the plaintiff in the following cases: "CC-06-4440, CC-07-3583, CC-07-3052, CC-073053 and CC-07-2860, in the Circuit Court of Mobile County, Alabama." (Supplemental Pleading (Doc. 31) at 1). Plaintiff

---

1915A(b) in the Prison Litigation Reform Act of 1996 ("PLRA"), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000); Looney v. Hetzel, 2001 WL 395153, *2 n.2 (S.D. Ala. 2001) (unpublished). However, dismissal under §§ 1915(e)(2)(B) and 1915A(b) is now mandatory. Bilal, 251 F.3d at 1348-49; Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002).

[4] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

further contends that "there was no reasonable ground upon the [fraudulent] information given, against the plaintiff, to issue a warrant of arrest without violating the plaintiff's fourth Amendment Right against unreasonable searches and seizures." *Id*. at 4. Plaintiff also contends that "[a]ll complaints commenced against him are null and void because [*inter alia*] statements made by defendants, under oath, are false" and, consequently, the trial court lacked jurisdiction over the plaintiff "to render a judgment [or] impose a sentence." *Id*. at 5. As stated above, plaintiff seeks only monetary damages and does not seek immediate or earlier release, even though he charges each defendant with false imprisonment.

For purposes of this analysis, the Court assumes as true the factual allegations in Plaintiff's Complaint (doc. 10) and proposed Amended Complaint (doc. 30). According to Plaintiff, on February 12, 2007, he was arrested by two of the named defendants, Officer Richard Dix and Sargent Brent Guy of the Satsuma Police Department, on Highway 43 in Satsuma, Alabama. During the arrest, plaintiff alleges that he was "tasered, beat with a flash light on the head , detained in the back seat of the patrol car, [his] car was unlawfully searched by unknown officers, and he was later transported to the [Mobile] metro county jail." (Doc. 10 at 4).

Plaintiff asserts claims of false arrest, excessive force and assault and battery against these two defendants. He also asserts a claim of fraud against Officer Dix. In his proposed amended complaint, plaintiff seeks to add claims of fraud and false imprisonment against Officer Dix associated with his execution of a "void warrant"

against the plaintiff. Plaintiff also asserts in the Amended Complaint an additional claim against Sargent Guy for false imprisonment. In the most recent motion to amend (doc. 52), plaintiff adds an additional claim of "unreasonable search and seizure" against Officer Dix based on the contention that Officer Dix conducted an "unreasonable search of [plaintiff's] property and car." Doc. 52 at 1 (emphasis added).

Plaintiff's Complaint asserts fraud claims against the following additional defendants:

a)      Sargent Jana Dukes of the Satsuma Police Department for filing two "void" complaints against him on February 16, 2007 in the District Court of Mobile County, Alabama. In the proposed Amended Complaint (Doc. 30), plaintiff additionally claims false imprisonment against Sargent Dukes. In the most recent motion to amend (doc. 52), plaintiff adds an additional claim of "unreasonable search and seizure" against Sergeant Dukes based on the contention that Sergeant Dukes conducted an "unreasonable search of [plaintiff's] property and car." Doc. 52 at 1 (emphasis added)..

b)      Michael Beadnell, a Detective at the Mobile Police Department, for filing a "void complaint" against him "during pretrial proceedings." In the proposed Amended Complaint (Doc. 30), plaintiff also claims false imprisonment against Detective Beadnell.

c-g)   Plaintiff names five other individuals, each of whom he alleges made an unspecified "misrepresentation of a material fact to the plaintiff" occurring as follows: between February 21, 2007 and March 17, 2007 (Vince F. Kilborn IV, private attorney); between April 23, 2008 and June 13, 2008 (A. Joseph Altadonna, private attorney);

5

between February 12, 2007 and March 17, 2008 (Gaillard Ladd, Assistant District

Attorney); between July 27, 2007 and March 17, 2008 (Alexander Geof, Assistant District

Attorney); and between June 13, 2008 and September 5, 2008 (Jan Jones, private

attorney).    In the proposed Amended Complaint (Doc. 30), plaintiff adds a claim of false

imprisonment against each of these attorneys, except Jan Jones who remained subject only

to a fraud claim but whose name was amended to Eleanor Jan Jones.  Plaintiff also seeks

to add two new attorneys as defendants, Teresa Heinz and Eric Kynard Roberts, each

similarly charged with fraud and false imprisonment, for conduct occurring during periods

of time in 2006, 2007 and/or 2008.

Of the five remaining defendants named in Plaintiff's Complaint (Doc. 10), two are

identified as Judges of the Circuit Court of Mobile, Alabama (Charles Graddick and

Michael Youngpeter), one as the Clerk of the Circuit Court of Mobile, Alabama (JoJo

Schwarzauer), one as a Probation Officer at the Alabama Board of Pardons and Paroles

(Joseph Crum), and one as the Warden of Bullock County Correctional Facility (Kenneth

Jones).  With the exception of Warden Jones, who is charged with false imprisonment,

Plaintiff asserts a claim of fraud against each of these defendants.  None of the fraud

charges includes any specific facts, except the dates listed above.   In the proposed

Amended Complaint (Doc. 30), plaintiff adds a claim of false imprisonment against Judge

Graddick, Judge Youngpeter, the Clerk of Court, and the Probation Officer.  Plaintiff also

seeks to add two more Mobile Circuit Court Judges (Edward McDermott and R. Stout) as

well as Susan F. Wilson, identified as the Clerk of the Mobile County Circuit Court,

charging each of these new defendants with fraud and false imprisonment.

Plaintiff also designates a "John Doe" defendant (Doc. 10) who is identified as "Judge, Clerk or Magistrate at Mobile District Court" and against whom is asserted a claim for fraud because "during pretrial proceedings, case nos. wr2007001617.00, wr2007001384.00, and wr 2007001385.00" he is alleged to have made a "misrepresentation of a material fact." (Doc. 10 at 9). This "John Doe" defendant is identified solely as a "Magistrate" in Plaintiff's proposed Amended Complaint (Doc. 30), where he is also subject to an additional claim of false imprisonment.

Although lacking in specificity, it appears from the complaint that the arrest at issue in this litigation led to several unspecified charges and convictions against the Plaintiff, all of which Plaintiff contends are null and void because they resulted from the unconstitutional conduct of the defendants. According to his Complaint, Plaintiff "demands from defendants, severally, individually and [in] their official capacities ...$1,000,000.00."[5] (Complaint (Doc. 10) at ¶ V). Although the Plaintiff asserts multiple claims of false imprisonment against the defendants, he has not sought immediate or accelerated release through other channels.[6] Nor is there an allegation in this record that

_____

[5] In his supplemental pleadings (Doc. 31), plaintiff expands his damage claim to include a declaration that plaintiff's 4th, 5th, 6th, 8th and 14th . . . Amendment rights were violated "in the amount of $500,000.00" and "Compensatory damages in excess of $1,000,000.00" as well as "Exemplary damages in the amount of $5,000,000.00" and "[a]ll reasonable and necessary attorney's fees and costs." (Supplementary Pleading (Doc. 31 at 8).

[6] Plaintiff's request for "[s]uch other and further relief, both at law and in equity, for which Plaintiff have shown and may show himself entitled to recover" is not interpreted by this Court to include a claim for immediate release as such would clearly only be cognizable in this

any conviction or sentence which allegedly resulted from defendants' unconstitutional conduct was ever reversed on direct appeal, declared invalid by a state tribunal authorized to make such determination or called into question by any federal court's issuance of a writ of habeas corpus. To the contrary, plaintiff has sought to have this Court "vacate the state's final judgment." (Supplemental Pleadings (Doc. 31) at 1). This request for relief contained in a brief indicates that the convictions remain in force, but is insufficient to require the court to treat his complaint as one attacking the related conviction improperly, as prohibited in Heck v. Humphrey, 512 U.S. 477 (1994). This preliminary determination pursuant to 28 U.S.C. §1915 is without prejudice to the respondent's right to raise and argue the issue.

### III. DISCUSSION

**A. Excessive force claims**

Plaintiff's complaint alleges that Officer Richard Dix and Sargent Brent Guy used excessive force in the course of an arrest. Accordingly, his federal claim will be analyzed under the Fourth Amendment.[7]

"[A]ll claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard." Graham v.

---

court under 28 U.S.C. § 2254. *See* Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

[7] Plaintiff brings his claims under 28 U.S.C. §1983. The court deems his claims for "Assault & Battery" against these officers to also raise a Fourth Amendment claim for use of excessive force.

Connor, 490 U.S. 386, 394 (1989). Application of this standard "requires careful attention

to the facts and circumstances of each particular case, including the severity of the crime at

issue, whether the suspect poses an immediate threat to the safety of the officers or others,

and whether he is actively resisting arrest or attempting to evade arrest by flight. Id. at

396 (*citing* Tennessee v. Garner, 471 U.S., at 8-9 (the question is "whether the totality of

the circumstances justifie[s] a particular sort of ... seizure")).

> The "reasonableness" of a particular use of force must be judged
> from the perspective of a reasonable officer on the scene, rather than with
> the 20/20 vision of hindsight. The Fourth Amendment is not violated by an
> arrest based on probable cause, even though the wrong person is arrested,
> nor by the mistaken execution of a valid search warrant on the wrong
> premises. With respect to a claim of excessive force, the same standard of
> reasonableness at the moment applies: "Not every push or shove, even if it
> may later seem unnecessary in the peace of a judge's chambers," Johnson v.
> Glick, 481 F.2d, at 1033, violates the Fourth Amendment. The calculus of
> reasonableness must embody allowance for the fact that police officers are
> often forced to make split-second judgments-in circumstances that are
> tense, uncertain, and rapidly evolving-about the amount of force that is
> necessary in a particular situation.
> As in other Fourth Amendment contexts, however, the "reasonable-
> ness" inquiry in an excessive force case is an objective one: the question is
> whether the officers' actions are "objectively reasonable" in light of the
> facts and circumstances confronting them, without regard to their
> underlying intent or motivation. An officer's evil intentions will not make a
> Fourth Amendment violation out of an objectively reasonable use of force;
> nor will an officer's good intentions make an objectively unreasonable use
> of force constitutional.

Id. at 396-97 (internal citations omitted).

Plaintiff alleges, in sum, that Officer Richard Dix and Sargent Brent Guy used

excessive force during the arrest by using a taser, and by beating him on his head with a

flashlight. Neither the Complaint nor the proposed Amended Complaint provide nearly

enough information for the court to determine whether plaintiff's claim is arguable or frivolous. There is no indication what plaintiff was stopped for, what he was charged with as a result of the stop, or any detail on the occurrences during the stop other than that he was allegedly hit and tased. While defendants may be entitled to demand a more definite statement of the claim; however, plaintiff has satisfied the bare requirements of notice pleading. The undersigned can not determine from the limited record available at this stage of the action whether plaintiff's excessive force claims have any factual merit; it is not certain that plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief. The undersigned thus recommends that the court allow these claims to proceed beyond this preliminary stage.

**B. False Arrest and False Imprisonment Claims**

Plaintiff's original complaint includes claims of false arrest against defendants Dix and Guy, and False Imprisonment claims against Warden Jones, who is in charge of the Bullock County Correctional Facility where plaintiff is incarcerated. In his proposed amended complaint, plaintiff seeks to add false imprisonment claims against 17 additional defendants who were involved at all stages of his criminal case–arrest, pre-trial detention, prosecution, and imprisonment.

The Fourth Amendment guarantees that all individuals "will be secure in their person ... against unreasonable seizures." U.S. Const. amend. IV. A claim for false arrest falls within the rights protected by the Fourth Amendment's guarantee against unreasonable seizure, and allegations of such an arrest are cognizable under Section 1983.

We have held that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.2003). However, not all Fourth Amendment claims fit the exception to Heck, and courts "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." Id. at 1160 n. 2.

Vickers v. Donahue, 137 Fed.Appx. 285, 290 (11th Cir. June 28, 2005). "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 388 (2007)(refers to two torts together as false imprisonment, and considers both to be "the closest analogy" to the relevant constitutional claim which may be raised under §1983).[8]

Plaintiff's claims for false arrest are made against the two police officers who arrested him. In this case, it appears[9] that plaintiff's false arrest claims–as well as all of his proposed false imprisonment claims–are based simply on his assertion that he was not

---

[8] Because plaintiff brings suit pursuant to 28 U.S.C. §1983, and this court's jurisdiction is based on such federal claims, the undersigned construes plaintiff's labels as raising such federal constitutional claims rather than as tort claims under state law.

[9] Because the factual allegations are minimal, and are not expressly tied to his claims, this discussion is based on the court's best interpretation of the pro se pleadings. Plaintiff's Motion to Amend and his proposed amended complaint are considered for clarification of his allegations and the factual basis for some claims. Plaintiff contends that the unconstitutional conduct of the defendants led to the issuance of indictments against the plaintiff and that "[a]ll complaints commenced against him are null and void because [*inter alia*] statements made by defendants, under oath, are false" and, consequently, the trial court lacked jurisdiction over the plaintiff "to render a judgment [or] impose a sentence." (Supplemental Pleading (Doc. 31) at 1, 5.

Admittedly, reading between the lines of plaintiff's *pro se* pleadings is not foolproof. Nonetheless, because the undersigned does not recommend dismissal of all claims at this stage, plaintiff may seek to amend his complaint to restate these claims on a clearer factual basis. Any possible error in the court's reading of the complaint may thus be easily repaired.

guilty of the crimes for which he was arrested and of which he was ultimately convicted

and that the defendants acted improperly for that reason in arresting and imprisoning him.

This reasoning necessarily challenges the validity of the indictments and convictions.

Accordingly, plaintiff's particular claims for false arrest and false imprisonment are

barred by Heck v. Humphrey, 512 U.S. 477 (1994). *See* Vickers v. Donahue, 137

Fed.Appx. 285 (11th Cir. 2005).

### C. Unreasonable search claim

In the most recent motion to amend (doc. 52), plaintiff adds an additional claim of

"unreasonable search and seizure" against both Officer Dix and Sergeant Dukes based on

the contention that they conducted an "unreasonable search of [plaintiff's] property and

car." Doc. 52 at 1 (emphasis added). Plaintiff offers no specific facts concerning what, if

any, property was actually seized or what property other than his car was actually

searched.

The Supreme Court noted in Heck that "'[b]ecause of doctrines like independent

source and inevitable discovery,' a § 1983 'suit for damages attributable to an allegedly

unreasonable search may lie even if the challenged search produced evidence that was

introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding

conviction'." Fifield v. Barrancotta, 2009 WL 3765943 (2nd Cir. Nov. 12, 2009), *qouting*

Heck, 512 U.S. at 487 n. 7. However, the Supreme Court also emphasized in Heck that,

although a § 1983 action containing an unreasonable search claim involving a search

which resulted in evidence that was introduced in a state criminal trial resulting in the

§ 1983 plaintiff's conviction may lie, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury . . . which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned). *Id*. (emphasis in original).

As was true with respect to plaintiff's excessive force claims discussed above, Officer Dix and Sergeant Dukes may well be entitled to demand a more definite statement of the unreasonable search and seizure claim but plaintiff has satisfied the bare requirements of notice pleading. The undersigned is unable to determine from the limited record available at this juncture whether plaintiff's unreasonable search and seizure of property claims have any factual merit and is uncertain whether plaintiff can prove any set of facts consistent with his allegations that will entitle him to relief. The undersigned therefore recommends that the court grant plaintiff's most recent motion to amend (doc. 52) and allow these claims to proceed beyond this preliminary stage.

**D. Fraud claims–failure to state claim with required specificity**

Rule 9 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows: "In alleging fraud or mistake a party must state with particularity the circumstances constituting fraud or mistake."

Plaintiff's Complaint is devoid of specific allegations and is therefore subject to dismissal without prejudice for failure to plead fraud with the requisite specificity as to each of the Defendants under Rule 9(b). His allegations simply state that each charge is based on one or more unspecified erroneous statements made by the actor on a date or

13

during a range of dates.  Plaintiff does not identify any such statement nor indicate how the statement was not only wrong but fraudulent.  To the extent it appears that plaintiff is referring  to testimony or to statements regarding his guilt of the crime for which he was convicted, dismissal is the appropriate remedy.

In addition, there is no constitutional right which parallels a state-law tort claim of fraud and, therefore, plaintiff's allegations are inadequate to raise a recognizable federal right.   Further, if the basis for the plaintiff's fraud claims is, as anticipated, statements made in the course of his prosecution, such claims necessarily call into question the validity of his conviction and would thus be barred by Heck v. Humphrey, *supra*.

As noted above, because the undersigned does not recommend dismissal of the entire case, plaintiff may seek leave to amend to clarify his fraud claims, make their constitutional nature, if any, apparent and thus satisfy the requirements of Rule 9(b).

**E.   Claims against private attorneys–not cognizable under §1983.**

Because § 1983 does not reach the conduct of private persons, and Pugh has done nothing to show that the attorney-defendants are more than private attorneys representing a defendant, the claims must be dismissed.  *See* Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981) (noting that a private attorney, even one appointed by the court, does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney); *see also* Combs v. City of Dallas, 289 Fed.Appx. 684 (5th Cir. 2008)("Private attorneys, even when appointed by the court, are not official state actors and are generally not subject to suit under § 1983 for independent judgments and

14

actions taken during the course of representing a defendant.")citing <u>Mills v. Criminal</u>

<u>Dist. Court No. 3,</u> 837 F.2d 677, 679 (5th Cir.1988); <u>Robert v. Abbett</u>, 2009 WL 902488,

*23 (M.D.Ala., March 31, 2009); <u>U.S. v. Springer,</u> 2006 WL 3412254 (M. D. Fla.,

November 27, 2006).  The original Complaint includes claims of fraud against attorneys

Kilborn, Altadonna, and Jones; the proposed amended complaint seeks to add a fraud

claim against attorney Roberts.  All such claims and potential claims are without merit.

The claims against private attorneys in the original complaint are due to be stricken, and

Pugh's motion to amend in order to add the additional claim against attorney Roberts

should not be allowed.

### F.  Immunity

In addition to the aforementioned impediments to plaintiff's claims, certain of the

defendants named in his original complaint and proposed amended complaint are immune

from suit for monetary damages, the only remedy sought by plaintiff in this action

Specifically, plaintiff's putative claims against Circuit Judges Graddick,

McDermott, Stout, Youngpeter, and the John Doe defendant identified as a Magistrate are

all subject to dismissal.  Judges are entitled to absolute immunity from suit for actions

taken in their official capacity.  <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).

Similarly, defendant Geoff named in the complaint, and defendants Ladd and

Heinz, named in the proposed amended complaint, are prosecutors, sued for prosecutorial

functions and are thus also immune from suit for damages.   <u>Imbler v. Pachtman</u>, 424 U.S.

409 (1976).

15

Plaintiff has offered no allegation that would take this case out of the scope of the absolute immunity applicable to judges and prosecutors. Thus, the claims and potential claims against these judicial and prosecutorial defendants are frivolous and are due to be dismissed pursuant to the express terms of 28 U.S.C. §1915A.

IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that plaintiff's motion to amend (Doc. 30) be **denied**, that plaintiff's most recent motion to amend (doc. 52) be **granted**, and that all portions of this action EXCEPT plaintiff's claims for excessive use of force against defendants Dix and Guy and his claims for unreasonable search and seizure against defendants Dix and Dukes, be **dismissed**, *without prejudice*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted by virtue of the principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994). The undersigned recommends that process issue *only* on the plaintiff's claims of excessive use of force against defendants Dix and Guy and the claims of unreasonable search and seizure of property against defendants Dix and Dukes and that all other claims be dismissed.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 27th day of January 2010.

/s/ Katherine P. Nelson

16

**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  **Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge**.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      **Done** this 27th day of January 2010.

/s/   Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**