IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LENARD PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-00016-KD-N |
| | ) | |
| RICHARD DIX, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This action is before the undersigned on the following motions filed by plaintiff: (1) motion to amend the complaint (doc. 76); (2) motion for reconsideration (doc. 77) of the Order entered May 18, 2010 (doc. 70) denying plaintiff's motion for appointment of counsel; (3) motion for an Order directing a physical and mental examination of the plaintiff (doc. 78) by an outside physician, and (4) motion for continuance of June 16, 2010 deposition.   Upon consideration of these matters, it is **ORDERED** as follows:

1.  Plaintiff's motion to amend the complaint (doc. 76) is hereby denied, in part and granted in part.   To the extent Plaintiff seeks a remedy which is neither authorized or appropriate in this case, namely "[e]xpungement of all convictions, and charges" (doc. 76, ex 1), that request is **DENIED.**   *See*   Heck v. Humphrey, 512 U.S. 477 (1994)("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though the claim may come within the literal terms of § 1983").

Plaintiff also seeks to add a claim for "Declaratory damages" in the amount of $500,000 To the extent plaintiff also seeks $5,000,000.00 in "Exemplary damages" and $1,000,000.00 in

"Compensatory damages" as well as $5,000,000.00 in "Physical damages." It is the practice of the court that an amended complaint must restate all allegations and claims, so that it supercedes the original complaint. The alternative practice of allowing piecemeal amendment leads to unnecessary confusion in determining the current claims and allegations. Plaintiff's motion to amend **as to damages only** is **GRANTED,** but he must file a new complaint on the court's form incorporating the new damages allegations. No other changes are authorized, and his amended complaint must be filed **no later than July 7, 2010**.

2. Plaintiff's motion for reconsideration (doc. 77) of the Order entered May 18, 2010 (doc 70) denying plaintiff's motion for appointment of counsel, essentially a second motion for appointment of counsel, is hereby **DENIED**. As stated previously by the Court, plaintiff has more than adequately demonstrated an ability to communicate the factual and legal predicates of his claims. *See* <u>Mekdeci v. Merrill National Lab.</u>, 711 F.2d 1510, 1522, n. 19 (11th Cir. 1983) ("[T]here is no constitutional or statutory right to effective assistance of counsel on a civil case."). Moreover, "plaintiff has not demonstrated that his case present[s] exceptional circumstances warranting the appointment of counsel." <u>Tipps v. Leonard</u>, 2009 WL 1362831, *1 (5th Cir. May 15, 2009) *citing* <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212-13 (5th Cir. 1982). Every case filed *pro se* involves the likelihood that plaintiff will be deposed, if the action is allowed to proceed to that stage.

3. Plaintiff's motion for an Order directing a physical and mental examination of the plaintiff (doc. 78) by an outside physician is hereby **DENIED**. The motion is premature inasmuch as defendants have not yet filed their Answer and Special Report. At such time, it will be incumbent upon the plaintiff to renew his motion and therein demonstrate that he is

entitled to such an examination without paying the expense for such an examination.

4. Plaintiff next moves the Court for an order continuing his deposition, presently scheduled for June 16, 2010 pending the Court's ruling on his motion to reconsider the request for appointment of counsel. As set out herein, the pending motion has been denied. Accordingly, plaintiff's motion for continuance is **DENIED.** as moot.

**DONE** this 14th day of June, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**