IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LENARD PUGH, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 09-0016-KD-N |
| OFFICER RICHARD DIX, et al, | : |
| Defendants. | : |

## ORDER

This action is before the Court on plaintiff Christopher Lenard Pugh's motion to alter or amend a judgment. (Doc. 148). Previously, on September 2, 2011, this Court adopted the Report and Recommendation of the Magistrate Judge and entered judgment wherein Pugh's claims were dismissed with prejudice. Upon consideration and for the reasons set forth herein, the motion is **DENIED**.

Pugh's motion

In the first paragraph, Pugh argues that "a manifest injustice will result" if this Court's order and judgment becomes final "and this motion is filed to enable this Court to correct its own errors before appellate review." (Doc. 148, p. 1). In support, Pugh argues that this Court erred by adopting the report and recommendation, and to correct that error, the Court must vacate two orders entered by the Magistrate Judge on August 27, 2010 and July 21, 2010. (Docs. 104, 93).

In the order entered August 27, 2010, the Magistrate Judge denied Pugh's motion for reconsideration of a prior order denying his motion for discovery. (Doc. 104). Pugh argues that this order, referenced in a footnote in the report and recommendation, "is plain error, and must be vacated" because it conflicts with a prior order stating that after review of the answer and

special report, the Magistrate Judge would reconsider Pugh's motion for discovery. Pugh also argues that his motion for discovery was not premature, the motion to reconsider should have been granted, and he should have been allowed the discovery he sought: "Any and all records, photos, and videos of Office Richard Dix, Sergeant Brent Guy, and Sergeant Jana Dukes of the incidents." Pugh argues that by denying him this discovery, the Court prevented him from obtaining evidence necessary to properly respond to the motion for summary judgment and therefore resulted in substantial prejudice and violation of his constitutional rights.

In the July 21, 2010 order, the Magistrate Judge endorsed granted the defendants' motion to file under seal Exhibit D to the Special Report, Pugh's medical records from Mobile Metro Jail. (Doc. 93). Pugh argues that plain error occurred because the Magistrate Judge granted defendants' motion without allowing Pugh an opportunity to object or respond and because he never received a copy of the endorsed order granting the motion to seal. (Doc. 93, endorsed order; doc. 89, defendants' motion). Pugh asserts that he did not want his medical records sealed but instead wanted public access available. Pugh argues that error occurred because the Magistrate Judge did not follow the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, applicable to protective orders. He also argues that the Magistrate Judge did not state the reasons for granting defendants' motion, did not limit the scope of the protective order, and did not mention Rule 26(c) but instead wrongfully citing the Health Insurance Portability and Accountability Act of 1996. (Doc. 148, p. 4-6).

<u>The Report and Recommendation</u>

In the report and recommendation (doc. 128), adopted by this Court on September 2, 2011, the Magistrate Judge noted that Pugh's motion for reconsideration of the prior discovery order had been ruled upon and was not relevant to the defendants' motion for summary

judgment.[1]  The Magistrate Judge also noted that Pugh's contention that allowing his medical records to be filed under seal violated his constitutional rights was without merit explaining that orders protecting medical records are required by federal law and citing the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA").[2]

Statement of the law

"Motions to alter or amend a judgment under Rule 59(e) are granted only if there is newly discovered evidence or manifest errors of law or fact. [ ]  A Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been raised before judgment was entered." *Henderson v. Secretary, Florida Dept. of Corrections*, 2011 WL 4375036, 1 (11th Cir. Sept. 21, 2011) (slip copy);  *Harris v. Corrections Corp. of America*,  2011 WL 2672553, 1 (11th Cir. July 11, 2011) (slip copy) (A Fed.R.Civ.P. 59(e) motion for reconsideration cannot be brought solely to relitigate issues already raised in an earlier motion. The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.") (citations and internal quotations omitted).

While Pugh argues that the Magistrate Judge's decisions resulted in manifest errors of law, review of the docket indicates that Pugh now raises arguments which were raised before this Court entered the order adopting the report and recommendation and judgment.  Pugh raised these same arguments in his motion to reconsider (Doc. 97), his response to the defendants' memorandum on motion for summary judgment, (Doc. 114), his petition for writ of mandamus (Doc. 124),  and in objection to the report and recommendation (Doc. 145).  Further, there is no

---

[1] (Doc. 128, p. 1, n. 3).

[2] (Doc. 128, p. 1, n. 2).

evidence that the Magistrate Judge's decisions on these discovery motions, and this Court's adoption of the Magistrate Judge's report and recommendation, resulted in manifest error of law.[3]  Therefore, Pugh's motion is **DENIED**.

**DONE** this the 18th day of October, 2011.

                                          s/ Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**

---

[3] Although Pugh moved for discovery of any photos or videos, there is no indication in the Special Report that such exist as to Pugh's chase, subsequent struggle with the officers, and his arrest.  Copies of the incident reports and vehicle processing report were attached to the officers' affidavits and provided to Pugh. (Docs. 90-3, 90-4).

In his response, Pugh states that because his medical records were filed under seal, he had no access to them.  An overall reading of his response to the defendants' memorandum in support of the motion for summary judgment indicates that Pugh may not have received a copy from the defendants. (Doc. 114, pp. 7-12).

However, in the narrative of facts section of the special report, defendants state that Pugh's medical records at Mobile County Metro Jail "do not reflect any complaint of injury by Pugh". (Doc. 90, p. 7).  In the memorandum in support, defendants state that the "medical records from Mobile County Metro Jail do not mention any injury or treatment." (Doc. 105, p. 13).  In response to the memorandum, Pugh argues that granting the motion to seal allowed defendants to use his medical records against him on his claim for excessive force. (Doc. 114, p. 7).  He argues that he was waiting for his copy of the medical records "for relevant proof of [his] severe injury, through the intake photos" and for "purposes of litigation". (Doc. 114, p. 9).

Review of the medical records from February 12, 2007, shows that the only photo therein was Pugh's mug shot. (Doc. 95, Exhibit D, p. 3).  Also, on the Jail Receiving Screening Form, "No" was checked as to both questions regarding any obvious condition which would require emergency medical treatment, on the Jail Physical Assessment, Pugh's physical examination was within normal limits, and the Jail Medical History and Screening, taken two weeks later on February 25, 2007, indicated there were no medical problems "requiring immediate attention" (Doc. 95, p. 6-8).  Thus, although Pugh may not have received his medical records, there does not appear to be any evidence therein to support Pugh's allegation of use of excessive force on February 12, 2007.